OPINION
{¶ 1} Appellant Laura Presutti Hauenstein [hereinafter appellant] appeals from the May 21, 2003, Judgment Entry of the Tuscarawas County Court of Common Pleas, Juvenile Division, which placed McCade Milburn in the legal custody of his father, Jason Milburn, and terminated the involvement of the Tuscarawas County Job Family Services [hereinafter TCJFS] with McCade.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This matter began on May 21, 2002, when a Shelter Care hearing was conducted in the Juvenile Division of the Tuscarawas County Court of Common Pleas concerning appellant's three children: Brianna Law (dob 10/21/98), Jason Law (dob 8/12/94) and McCade Milburn (dob 12/27/00). Mark Law is the father of Austin and Brianna Law and Jason Milburn is the father of McCade Milburn. At the conclusion of the Shelter Care hearing, all three children were placed in the temporary custody of TCJFS. Subsequently, on May 22, 2002, a complaint alleging abuse, neglect and dependency was filed regarding the three children. At an initial hearing on June 5, 2002, McCade was placed in the temporary custody of his father, Jason Milburn. The matter was litigated and the children were found to be abused, neglected and dependent on July 18, 2002, and a case plan was adopted by the trial court.
 {¶ 3} The case plan contained a number of requirements for appellant. Those requirements included the following: (1) obtaining an alcohol and drug assessment and following recommendations of that assessment; (2) taking random drug screens as requested by the alcohol and addiction center or case manager; (3) participation and completion of parent education; (4) signing releases to allow the agency to access records from various service providers; (5) obtaining a psychological evaluation and following appropriate recommendations; (6) obtaining a domestic violence assessment and following appropriate recommendations; (7) attending individual counseling; (8) obtaining and maintaining stable housing: and (9) obtaining and maintaining stable employment.
 {¶ 4} In a separate case, (02CD00266), appellant was convicted of contributing to the delinquency of a minor. A suspended 30 day jail sentence was imposed upon the conditions that she comply with the terms of her case plan in the case sub judice (02JN00393) and obtain a psychological evaluation. At a hearing held December 20, 2002, the trial court (in the contributing case) found that appellant had failed to engage in case plan services and ordered that appellant serve ten days of the suspended sentence.
 {¶ 5} During the pendency of the matter, appellant moved from Tuscarawas County to Harrison County, Ohio. This move necessitated a change in a number of service providers with whom appellant had begun services. Additionally, appellant moved in with and married Jeff Hauenstein. Concerns were raised regarding Jeff Hauenstein after TCFFS became aware of his having been charged at that time with felony driving while under the influence of alcohol.
 {¶ 6} Based upon appellant's lack of compliance with the case plan and the fact that McCade was thriving in a stable, secure placement with his father, Jason Milburn sought, with the support of TCJFS and the guardian ad litem, legal custody of McCade.
 {¶ 7} A hearing was held on March 6, 2003, before a Magistrate. By Magistrate's Decision filed March 11, 2002, the Magistrate recommended that legal custody of McCade be granted to his father, Jason Milburn.
 {¶ 8} Timely objections were filed by appellant. The objections were heard before the trial court on May 21, 2003. That same day the objections were overruled by the trial court and the Magistrate's recommendations were adopted.
 {¶ 9} Thus, it is from the May 21, 2003, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 10} "I. The evidence did not support that it was in his best interest that his legal custody be awarded to his father Jason Milburn.
 {¶ 11} "II. The court's granting legal custody of McCade Milburn to his father constituted an abuse of discretion.
 {¶ 12} "III. The decision of the trial court in granting legal custody to the father was against the manifest weight of the evidence."
 I, II III {¶ 13} In the three assignments of error, appellant challenges the trial court's award of legal custody of McCade Milburn to Jason Milburn, McCade's father. In the first assignment of error, appellant contends that the evidence did not support that it was in McCade's best interest for legal custody to be awarded to McCade's father, Jason Milburn. In the second assignment of error, appellant contends that the award of legal custody to Jason was an abuse of discretion. In the third assignment of error, appellant argues that the decision to award legal custody was against the manifest weight of the evidence. Since all of these assignments concern the decision to award legal custody to Jason Milburn, we will address them in one, consolidated analysis.
 {¶ 14} We will first address our standard of review. On appeal, we will not reverse an award of legal custody absent an abuse of discretion. In re Nice (2001), 141 Ohio App.3d 445,455, 751 N.E.2d 552, 2001-Ohio-3214. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. If the court's decision regarding legal custody is not supported by competent, credible evidence, then it is unreasonable and we may reverse it. Nice,141 Ohio App.3d at 455. We further note that the trial court's standard of review is not clear and convincing evidence, as it is in a permanent custody proceeding, but is merely preponderance of the evidence. Id.
 {¶ 15} We will now address the award of legal custody. R.C.2151.353(A) sets forth the juvenile court's authorized alternatives for a child who has been adjudicated dependent, providing that when a child is adjudicated a dependent child, the court may "award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child[.]" Therefore, once the juvenile court adjudicates a child dependent, the court may award legal custody of the child to a parent or to a non-parent upon a timely motion. See R.C. 2151.353(A)(3). In doing so, the juvenile court shall consider the best interest of the child. R.C. 2151.42(A).
 {¶ 16} In this case, Jason Milburn, McCade's father, filed a timely motion for legal custody of McCade. The following testimony was presented at the hearing on Jason Milburn's motion.
 {¶ 17} Marsha Keim, the ongoing case manager from TCJFS testified that McCade was originally removed from appellant's home due to unsafe conditions in the home, including the selling of drugs in the home while the children were in the home and domestic violence while the children were present. At the time McCade was taken from appellant's home, McCade was approximately 18 months old, had not started to speak, suffered from asthma, requiring a nebulizer, and suffered from frequent ear infections. Further, McCade had not begun to learn skills appropriate to his age. Shortly after being removed from appellant's home, McCade was placed in his father Jason's home.
 {¶ 18} Keim testified that McCade had flourished in the custody of his father. Keim testified that Jason showed good interaction with his child and that through Jason and his wife, McCade was receiving appropriate care. Jason had involved McCade in several children's programs and arranged for speech therapy. Since his placement with his father, Jason's asthma had been alleviated and McCade no longer used a nebulizer. McCade's recurrent ear infection problem was being medically evaluated and treated.
 {¶ 19} Further, according to Keim, McCade had become attached to Jason. The two of them played together and Jason was teaching McCade to ride a tricycle. Upon one particular home visit, Keim noted that McCade was smiling nonstop throughout the visit. Further, McCade had begun to speak. Keim described the home as loving, nurturing and safe.
 {¶ 20} In contrast, Keim testified that appellant had only recently begun to apply herself to attempt to complete the case plan. Appellant had not complied with several of the items in her case plan.[1] In conclusion, Keim testified that it was in McCade's best interests for legal custody to be given to Jason.
 {¶ 21} Admittingly, at the time of the hearing, Jason was on probation from a breaking and entering conviction in the Tuscarawas County Court of Common Pleas. However, Jason's probation officer testified that Jason had successfully completed the "Teaching Offenders Work Ethics and Responsibility" (TOWER) program, obtained his GED, obtained and retained a full time job and testified negative for drug use eight times out of eight random tests. At the time of the hearing, Jason was scheduled to be released from probation in March of 2004 and was a candidate for early release. The probation officer also testified that Jason appeared to be a good dad and did a lot of activities with McCade and Jason's other son.
 {¶ 22} Jason testified to the life McCade has in his home. Jason also testified to the strides McCade has made toward his development, including his speech, health and ability to learn new skills.
 {¶ 23} Appellant testified as well. Appellant testified to her attempts to comply with the case plan and Jason's lack of interaction with McCade prior to the intervention of TCJFS. Appellant contended that McCade should be left in Jason's temporary custody until she was able to have all three of her children returned to her.
 {¶ 24} On cross examination by the guardian ad litem, appellant acknowledged that she had been diagnosed as bipolar, had been charged with writing bad checks and with possession of an illegal drug (drug not specified) and, most recently, in January, 2002, had been indicted for trafficking (drug not specified — indicted January 2002).[2] Appellant also acknowledged that she had been convicted of contributing to the delinquency of a minor due to truancy of one of her other children. At the conclusion of the hearing, the guardian ad litem stated that he was "one hundred percent in agreement" that legal custody of McCade should be given to Jason Milburn and that such an award of legal custody was truly in McCade's best interests. Transcript of Proceedings at page 94.
 {¶ 25} In light of the testimony presented, we find that the trial court's decision to award legal custody of McCade to Jason is supported by sufficient evidence and is not against the manifest weight of the evidence. The testimony shows that Jason has provided a safe, nurturing, loving home for McCade in which McCade's health and development had significantly improved. Thus, we conclude that the trial court's decision was not an abuse of discretion.
 {¶ 26} Appellant's first, second, and third assignments of error are overruled.
 {¶ 27} The judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed.
Gwin, J. and Farmer, J. concur.
[1] In response to a question by the trial court, Keim testified that out of six major requirements, there was only one for which there had been substantial compliance and consistent commitment. However, Keim did not elaborate to which requirements she was referring.
[2] The record does not reflect whether appellant had been convicted on any charge.