[Cite as *In re C.S.* , 2012-Ohio-599.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| C.S. | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| NEGLECTED/DEPENDENT CHILD | |
| | Case No. 2011 AP 08 0034 |

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Tuscarawas County Court of Common Pleas, Juvenile Division, Case No. 11 JN00132 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 14, 2012 |
| APPEARANCES: | |

For Appellee

DAVID W. HAVERFIELD
Tuscarawas County Job & Family Services
389 16th Street, SW
New Philadelphia, Ohio 44663

For Appellant - Mother

SHARON BUCKLEY-MIRHAIDARI
152 North Broadway Avenue, Suite 101
New Philadelphia, Ohio 44663

Guardian ad Litem

KAREN DUMMERMUTH
P.O. Box 494
New Philadelphia, Ohio 44663

Counsel for Father

DOUG JACKSON
214 North Dawson Street
Uhrichsville, Ohio 44683

*Hoffman, P.J.*

(¶1)  Appellant Brenda Kallaur ("Mother") appeals the July 14, 2011 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, Juvenile Court, which granted legal custody of her minor daughter, C.S., to Christopher Smith ("Father").  Appellee is the Tuscarawas County Job and Family Services ("TCJFS").

STATEMENT OF THE CASE AND FACTS

(¶2)  On March 11, 2011, the Tuscarawas County Court of Common Pleas, Juvenile Court, issued an ex parte order placing C.S. in the temporary custody of TCJFS.  TCJFS filed a Complaint on March 14, 2011, alleging C.S. (dob 7/12/97) was a neglected and dependent child.  The trial court conducted a shelter care hearing on the same day.  TCJFS based its Complaint on the fact Mother was incoherent and appeared to be under the influence at a court hearing on March 11, 2011. Mother had tampered with a drug test.  Mother had a history with TCJFS.

(¶3)  The trial court scheduled an adjudicatory hearing on April 13, 2011.  Due to a conflict of interest, the trial court allowed the public defender's office to withdraw as counsel for Mother.  The trial court continued the hearing until May 10, 2011.  Upon agreement of the parties, the trial court placed C.S. in the temporary custody of Father under the protective supervision of TCJFS.  The trial court continued the order Mother have no visitation or contact with C.S.  The trial court memorialized its decision via Judgment Entry filed April 14, 2011.

(¶4)  At the adjudicatory hearing on May 10, 2011, Mother and Father stipulated to a finding of neglect and dependency.  The matter proceeded to a dispositional hearing.  Upon recommendation of the guardian ad litem, the trial court ordered C.S.

remain in the temporary custody of Father under the protective supervision of TCJFS. TCJFS filed a Motion to Modify Prior Disposition on June 16, 2011, asking the trial court to change legal custody of C.S. to Father.

(¶5) The trial court conducted a hearing on TCJFS's motion on July 13, 2011. The testimony at the hearing revealed the only aspect of Mother's case plan she completed was the psychological evaluation. However, even completion of the evaluation was difficult. Mother failed to keep appointments with the therapist. Mother was combative and argumentative with the staff. On a number of occasions, Mother appeared at the office insisting she was scheduled for an appointment when she was not scheduled. Appointments had to be terminated as Mother arrived under the influence of drugs. Mother began parenting classes, but was removed because of her disruptive behavior. She failed to complete assignments and fell asleep during class. Mother never completed the program. Mother did not complete a drug assessment or follow through with treatment. Mother denied the use of illegal drugs despite positive drug screens for heroin and cocaine.

(¶6) Jamie Grunder, the ongoing case worker, testified she had previous involvement with Father and his wife. Grunder noted she had seen many positive changes in them. Father and his wife, who both had histories of drug use, had been sober for extended periods of time. C.S. was doing well with Father. She had consistent attendance at school, was doing well academically, and was addressing her weight problem. At the beginning of the case, C.S. was afraid of Father. TCJFS learned Mother had engaged in a pattern of alienating C.S. from Father.

(¶7) Via Judgment Entry filed July 14, 2011, the trial court granted Father legal custody of C.S. The trial court ordered Mother to have "no contact whatsoever" with C.S. until further order.

(¶8) It is from this judgment entry Mother appeals, raising the following assignments of error:

(¶9) "I. THE TRIAL COURT ERRED IN AWARDING LEGAL CUSTODY OF THE MINOR CHILD TO HER FATHER WHEN JOB AND FAMILY SERVICES FAILED TO EXPEND REASONABLE EFFORTS TO REUNITE THE CHILD WITH APPELLANT/MOTHER.

(¶10) "II. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT AN AWARD OF LEGAL CUSTODY TO THE FATHER WAS IN THE BEST INTEREST OF THE MINOR CHILD WHEN APPELLANT/MOTHER WAS NOT PERMITTED TIME TO COMPLETE CASE PLAN SERVICES. THE TRIAL COURT'S DECISION WAS NOT SUPPORTED BY COMPETENT AND CREDIBLE EVIDENCE.

(¶11) "III. THE TRIAL COURT DENIED MOTHER DUE PROCESS OF LAW IN TERMINATING THE CASE AND ISSUING A NO CONTACT ORDER."

I

(¶12) In her first assignment of error, Mother contends the trial court erred in granting legal custody of C.S. to Father as TCJFS failed to use reasonable efforts to reunite the child with her.

(¶13) Pursuant to R.C. 2151.419, the agency which removed the child from the home must have made reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the home, or make it

possible for the child to return home safely. The statute assigns the burden of proof to the agency to demonstrate it has made reasonable efforts.

**(¶14)** TCJFS implemented a comprehensive reunification plan to assist Mother in remedying the problems which caused C.S. to be removed. The case plan required Mother to complete a parent education program; complete a psychological evaluation and follow all recommendations; submit to random drug screens; complete a drug and alcohol assessment and follow all recommendations; and maintain stable housing and employment.

**(¶15)** The record reveals Mother attended parenting classes, but was removed for disruptive behavior, as well as her refusal to take responsibility for her own behavior and constantly blaming Father for the problems. Mother was permitted to return to another class, but did not attend any classes and never completed the program. Mother eventually completed the psychological evaluation, but only after canceling and no showing for many appointments. Mother appeared to appointments under the influence and was combative with the staff. Mother had repeated positive drug screens, but continued to deny the use of any drugs. Mother did not obtain stable housing or employment. She was seen panhandling on an exit of the Interstate.

**(¶16)** When a trial court is considering whether the agency made reasonable efforts to prevent the removal, the issue is not whether the agency could have done more, but whether it did enough to satisfy the reasonableness standard under the statute. *In re Brewer* (Feb. 12, 1996), Belmont App. No. 94-B-28, 1996 WL 65939, at 3; *In re Davidson-Rush,* 5th Dist. No. 2006 CA 00121, 2006-Ohio-4873 at ¶ 50. "In

determining whether reasonable efforts were made, the child's health and safety shall be paramount." R.C. 2151.419(A)(1).

**(¶17)** We have reviewed the record, and find substantial evidence to establish Mother made no progress toward alleviating TCJFS's core concerns for C.S. despite TCJFS's reasonable efforts to reunify the family.

**(¶18)** Mother's first assignment of error is overruled.

II

**(¶19)** In her second assignment of error, Mother asserts the trial court abused its discretion in awarding legal custody of C.S. to Father as the best interest finding was not based upon competent and credible evidence because Mother was not provided sufficient time to complete her case plan services.

**(¶20)** Once a child is adjudicated abused, neglected or dependent, a juvenile court may award legal custody of the child to any parent or person who files a motion requesting legal custody. R.C. 2151.353(A)(3). In determining whether to grant legal custody to the parent or movant, the court must comply with R.C. 2151.42, which requires the court to consider the best interest of the child in making the custody determination. R.C. 2151.42(A).

**(¶21)** On appeal, we will not reverse an award of legal custody absent an abuse of discretion. *In re Gales,* Franklin App. No. 03AP-445, 2003-Ohio-6309; *In re Nice* (2001), 141 Ohio App.3d 445, 455, 751 N.E.2d 552. Abuse of discretion connotes more than an error of law or judgment. Rather, it implies that the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. " '[L]egal custody where parental rights are not

terminated is not as drastic a remedy as permanent custody '." *In re A.W.-G.,* Butler App. No. CA2003-04-099, 2004-Ohio-2298, at ¶ 7, quoting *Nice* at 455, 751 N.E.2d 552. Therefore, the trial court's standard of review in legal custody proceedings is not clear and convincing evidence, as it is in permanent custody proceedings, but is merely preponderance of the evidence. *Nice* at 455, 751 N.E.2d 552; *In re A.W.-G; In re Law,* Tuscarawas App. No.2003 AP 06 45, 2004-Ohio-117. "Preponderance of the evidence" means "evidence that's more probable, more persuasive or of greater probative value." *State v. Finkes* (Mar. 28, 2002), Franklin App. No. 01AP-310. See, also, *In re A.W.G.* at fn. 1.

**(¶22)** This Court has previously held, following a dispositional order made pursuant to R.C. 2151.353(A)(3) granting legal custody to a parent, a trial court is not required to make an attempt to reunify the family by ordering the preparation of a case plan. *In re: Sullivan,* 5th Dist. No. 06-COA-031, 2007-Ohio-2541. Based upon this holding, we find the trial court did not abuse its discretion in failing to provide Mother with additional time in which to complete her case plan.

**(¶23)** Furthermore, R.C. 2151.353(A) does not set forth a waiting period before which the trial court may enter a dispositional order following an adjudication of abuse, neglect, or dependency. R.C. 2151.353(A) contemplates a trial court may enter one of the six alternative orders of disposition immediately following the adjudication phase.

**(¶24)** Additionally, we find the outcome of the proceedings would not have been different had Mother been given more time in which to complete her case plan. The only aspect of the case plan Mother completed was the psychological evaluation. However, even that was a struggle as Mother appeared to appointments impaired,

cancelled or no showed a number of appointments, and appeared for appointments when she was not scheduled and wreaked havoc with the office staff. Mother refused to accept responsibility for the situation. Mother was terminated from parenting class, then failed to attend after she was permitted to return. Mother had taken no steps toward securing housing or employment. She tested positive for drugs throughout the proceeding.

(¶25) Mother's second assignment of error is overruled.

III

(¶26) In her final assignment of error, Mother submits the trial court violated her right to due process by terminating the case and issuing an order she have no contact or visitation with C.S.

(¶27) Having found no error in the trial court's actions in Assignments of Error I and II, supra, we find the trial court did not violate Mother's right to due process.

(¶28) Mother's third assignment of error is overruled.

(¶29) The judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:                    :
                                     :
C.S.                                 :
                                     :
NEGLECTED/DEPENDENT CHILD    :          JUDGMENT ENTRY
                                     :
                                     :
                                     :          Case No. 2011 AP 08 0034


For the reasons stated in our accompanying Opinion, the judgment of the

Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed.  Costs

assessed to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER


s/ John W. Wise_____
HON. JOHN W. WISE